IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Thomas Welsh, and Anne Welsh,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>Safeco Insurance Company of America a/k/a Safeco Insurance,<br><br>　　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-82 RJS<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

The matter is before the court on Plaintiffs' Motion for Protective Order.[1] (ECF No. 12.) Plaintiffs seek permission to appear for their depositions via Zoom or other videoconferencing service instead of appearing in person. For the reasons set forth herein, the court will deny the motion.[2]

## BACKGROUND

This case arises from an insurance coverage dispute. Plaintiffs own a home in Cedar City, Utah. In 2016, Plaintiffs purchased a Landlord Insurance Policy from Defendant and subsequently rented out the home to students attending Southern Utah University. From June 2017 to April 2018, Plaintiffs undertook significant repairs and remodeling due to damage from renters. Following the repairs and renovations Plaintiffs entered into a new rental agreement. Unfortunately, in April 2018, an individual "unlawfully entered the House and started a fire inside" that "engulfed the entire structure and outbuildings on the property." Compl. ¶ 25.

---

[1] This case is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion based on the written memoranda. DUCivR 7-1.

Plaintiffs sought compensation from Defendant who denied insurance coverage citing to an exclusion in the policy "because the House was destroyed by fire and the House was 'unoccupied or vacant for more than 60-days prior to the loss.'" *Id.* at ¶ 31.

On November 15, 2021, Defendants served notice of Plaintiffs' depositions to occur on December 9, 2021, at the offices of Defendant's counsel in Salt Lake City, Utah. Plaintiffs are practicing physicians that live in Gilbert, Arizona. Plaintiffs seek a protective order requiring their depositions be conducted by videoconference, rather than in-person, due to the COVID-19 pandemic and rising cases in both Arizona and Utah.

DISCUSSION

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden to show good cause. *See id.* To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981) (quotations and citation omitted).

Plaintiffs argue there is good cause in this case to order videoconference depositions due to the increase risks COVID-19 poses to their health, and the health of their patients because both Plaintiffs are practicing physicians. Both Plaintiffs are over 60 years old. Plaintiff "Anne Welsh is immunocompromised due to a medical condition." Mtn. p. 2 And Plaintiff Tom Welsh is "the survivor of a heart attack." *Id.* Thus, due to their health conditions, age, and risks associated with COVID-19 when traveling to Utah, Plaintiffs request a videoconference deposition. In support, Plaintiffs point to the increasing numbers of COVID cases in Utah and Arizona. Plaintiffs also cite to this court's General Order from October 27, 2021, regarding the

COVID pandemic that ordered Phase II extended until January 2022. That Order provides discretion for determining whether hearings will proceed in person due to COVID concerns, *See In the Matter of Court Proceedings and Court Operations During the Coronavirus (COVID-19) Pandemic*, General Order 21-015 (D. Utah Oct. 27, 2021)

The COVID-19 pandemic has had an effect on how courts handle depositions. Defendant cites cases where courts have declined to order videoconference depositions due to COVID-19, but have ordered in-person depositions with safety precautions. See *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, 2021 WL 5043289, at *4 (S.D. Cal. Oct. 29, 2021) (denying request for videoconference depositions noting that the parties "are all fully vaccinated", which mitigates risk); *Dubuc v. Cox Commc'ns Kansas, L.L.C.*, 2021 WL 4050855, at *2 (D. Kan. Sept. 5, 2021) (denying protective order seeking videoconference deposition for a plaintiff who has asthma because the plaintiff gave no information regarding her compliance with CDC guidelines and noting safety precautions); *Cantu v. Mammoth Energy Servs.*, 2021 WL 3852034, at *1 (W.D. Tex. Aug. 27, 2021) (ordering in-person depositions of plaintiffs with "confirmation of vaccination status of all deposition participants and other safety measures").

Other courts have held otherwise, finding a videoconference deposition appropriate due to COVID-19 concerns. See *Reynard v. Washburn Univ. of Topeka*, 2020 WL 3791876, at *4 (D. Kan. July 7, 2020) (ordering remote depositions due to the plaintiff's "age and health risks, along with her husband's"); *Manley v. Bellendir*, 2020 WL 2766508, at *3 (D. Kan. May 28, 2020) (ordering the defendant to attend the plaintiff's deposition remotely to reduce COVID-19 risks); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *5 (N.D. Ill. June 25, 2020) (noting "[c]ourts are beginning to recognize that a 'new normal' has taken hold throughout the country in the wake of the COVID-19 pandemic that may necessitate the taking

of remote depositions unless litigation is going to come to an indefinite halt until there is a cure or a vaccine for COVID-19."); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 2020 WL 3250723, at *2–3 (N.D. Ill. June 16, 2020) (finding "[t]he general concern over the risks posed by COVID-19 are heightened" where lead counsel and members of his family were in a high-risk category).

The difference in holdings is not surprising because courts have wide discretions in selecting the place of a deposition, *see Pruco*, 2021 WL 5043289, at *1, and unique factors in each case support decisions. Because Plaintiffs are essential witnesses, and because the parties can take adequate safety precautions, the court is persuaded that Plaintiffs should appear for an in-person deposition. This decision is further supported by Plaintiffs' offer. Defendant notes that Plaintiffs offered in-person depositions "only if Defendants' counsel traveled outside this venue to Arizona." Op. p. 2-3. This offer, in the court's mind, implicates travel costs as an equally likely basis for Plaintiffs' motion as that of concerns with COVID risks for an in-person deposition. Thus, the court finds the approach taken by the *Dubuc* court persuasive where the court gave the plaintiff an option to pay the "reasonable airline, airport parking, lodging, taxi, and meal expenses for one of defendant's two lawyers to travel … for the deposition." *Dubuc,* 2021 WL 4050855, at *3. Plaintiffs have two options for their in-person dispositions. They may appear in-person in Utah as noticed by Defendant. Or, they may appear in-person at a convenient location for all parties in Arizona closer to their home. If Plaintiffs opt for the latter, then they are to pay for the reasonable airline, airport parking, lodging, taxi, and meal expenses for one of Defendant's counsel to travel for the deposition. In either option, the parties are ORDERED to take all safety precautions including demonstrating vaccination status for everyone involved in the deposition.

For the reasons set forth above, Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

DATED this 29 November 2021.

_____
Dustin B. Pead
United States Magistrate Judge