IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS WELSH and ANNE WELSH, <br><br> Plaintiffs, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:21-cv-0082-TS-DBP <br><br><br> Chief Judge Robert J. Shelby <br> Chief Magistrate Judge Dustin B. Pead |

Defendant Safeco Insurance Company of America moves the court for a stay of expert discovery pending the outcome of its motion for summary judgment.[1] (ECF No. 24.) The court will deny the motion.[2]

Safeco filed a Motion for Summary Judgment on May 20, 2022. In the instant motion Safeco moves the court to temporarily stay expert discovery pending resolution of that motion. As noted by this court, district courts "have 'broad discretion' in deciding whether to issue a stay of discovery." *White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (citing *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994)).

Safeco argues that in considering the instant motion for stay, the court should evaluate: "'(1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay"; "(2) the burden on the defendant[ ]"; "(3) the convenience to the Court"; "(4) the interest of nonparties"; and "(5) the public interest.' " Mtn. p. 4 (quoting

---

[1] This matter is referred to the undersigned pursuant to 28 USC § 636(b)(1)(A) from Chief Judge Robert Shelby. The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(g).

[2] The court construes Defendants' Motion as a discovery dispute under DUCivR 37-1.

*Martin v. SGT, Inc.* No. 2:19-cv-289, 2019 WL 12043488, at *1 (D. Utah Aug. 21, 2019)). The court is not persuaded that is the correct standard to apply. The standard Safeco points to relied on a standard articulated in *F.D.I.C. v. Renda,* No. 8502216-O, 1987 WL 348635, at *2 (D. Kan. 1987), which involved a motion to stay proceedings until after resolution of criminal charges. Here, no other proceeding or criminal charges are pending, so the court declines to apply that standard. Instead, the court applies the "strong showing of necessity" standard as set forth and applied in *White Knuckle*, 2015 WL 5022579 and *Classic Holdings LLC v. Harrower*, No. 220cv824 RJS, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021) (applying the strong showing of necessity standard in denying a motion to stay). *See also, Hoyt Archery, Inc. v. G5 Outdoors, L.L.C.*, No. 221cv750 HCN DBP, 2022 WL 889032, at *2 (D. Utah Mar. 25, 2022) (applying the strong showing of necessity standard).

    The Tenth Circuit has stated that because "the right to proceed in court should not be denied except under the most extreme circumstances," the movant seeking a stay "must make a strong showing of necessity[.]" *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quotation marks and citation omitted); *see also Classic Holdings LLC*, 2021 WL 633587, at *2; *White Knuckle,* 2015 WL 5022579, at *1. Thus, "if even a fair possibility exists that the stay would damage another party," the movant "must demonstrate a clear case of hardship or inequity." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks and citations omitted). The party seeking a stay therefore "'generally faces a difficult burden.'" *White Knuckle,* 2015 WL 5022579, at *1 (quoting *SWEPI, LP v. Mora Cnty., N.M.*, Case No. CIV 14–0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014)).

Applying the strong showing of necessity standard here, the court finds Safeco has failed to make the requisite showing to justify the Motion to Stay Expert Discovery. In citing to the *Martin* factors, which the court declines to apply, Safeco's chief argument is that a stay of expert discovery will result in significant cost savings, because expert discovery "will be rendered entirely unnecessary when Safeco's motion for summary judgment is granted." Mtn. p. 5. Clearly Safeco believes its motion for summary judgment will be granted. While the undersigned does not explicitly weigh Safeco's motion in deciding this motion, the court does note that in reviewing a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Based on the present record before the court, it is not certain that Safeco's Motion will be granted. See *White Knuckle*, 2015 WL 5022579, at *2 (finding the granting of a motion for judgment on the pleadings uncertain); *SWEPI, LP*, 2014 WL 7474084, at *23 (rejecting a "preliminary peek" into a dispositive motion in deciding whether to grant a motion to stay discovery). The assumption that Safeco's motion will be granted is unwarranted and it would be inappropriate to issue a stay of discovery based only on one party's argument that its own motion is likely to be granted. See *Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *1 (D.N.M. May 13, 2015) (Fabara I) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction). Safeco has not demonstrated a "clear case of hardship or inequity" if they were to engage in the discovery process.." *Ben Ezra*, 206 F.3d at 987.

In sum, Safeco has failed to identify any "extreme circumstances" warranting the court to grant a stay of discovery. Accordingly, the court concludes Safeco has not met its heavy burden of making a strong showing of necessity to grant its Motion. See *Classic Aviation Holdings LLC,*

3

2021 WL 633587, at *3 (concluding the defendants failed to make the requisite strong showing of necessity to justify a stay to discovery).

## CONCLUSION AND ORDER

For the foregoing reasons, Safeco's Motion is DENIED.

DATED this 7 June 2022.

_____
Dustin B. Pead
United States Magistrate Judge